IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NEIL RAVI MEHTA                                                        PLAINTIFF

v.                           Civil No. 2:26-cv-02030-TLB-MEF

FEDERAL BUREAU OF INVESTIGATION                               DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Currently before the Court is

Plaintiff's Motion to Seal and his Application to Proceed *in forma pauperis* ("IFP").  (ECF Nos.

3, 3-1).  The Motion has been referred to the undersigned.

## I.        BACKGROUND

Plaintiff filed his Complaint and Application to Proceed IFP on March 9, 2026.  (ECF Nos.

2, 3, 3-1).  The IFP application was filed under seal at Plaintiff's request.  (ECF No. 3).

In his application, Plaintiff admits to ownership of over $11 million dollars in assets.  (ECF

No. 3-1 at 3).  He also admits to significant monthly self-employment income.  (*Id*. at 2).  He

states, however, that he is unable to access the assets because he is unable "to operate the associated

companies, partnerships, and corporations."  (*Id*. at 7).  He also references "seizures, litigation,

forfeiture proceedings."  (*Id*.).  Plaintiff does not, however, provide any factual details concerning

these assets, or his alleged inability to access them.  Plaintiff also states he is unable to access

"ordinary financial services necessary to transact funds within the United States."  (*Id*. at 6).  He

also states he is unable to bank.  (*Id*. at 2).  Plaintiff lays the blame for this inability to bank on

being "listed with the TSC database," being "flagged within banking risk management systems,"

and having "encountered restrictions associated with the Office of Foreign Assets Control."  (*Id*.

1

at 6). Plaintiff provides no further details or documentation of any of his allegations concerning his "inability to bank." Plaintiff lists no average monthly expenses. (*Id*. at 4-5).

## II.    ANALYSIS

Federal courts have the statutory authority to permit the commencement of a civil action without prepayment of fees or costs by a person who submits an affidavit that he or she is unable to pay such costs or give security therefor. 28 U.S.C. § 1915(a). The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have an entry, not a barrier, to the federal courts. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting *Souder v. McGuire*, 516 F.2d 820, 823 (3rd Cir. 1975)). Although a claimant need not be "completely destitute" to take advantage of the IFP statute, he or she must show that paying the filing fee would result in an undue financial hardship. *Williamson*, 786 F.2d at 1338.

Plaintiff's IFP application reveals that he has over $11 million dollars in assets and an average monthly income from self-employment of $7,000.00 to $12,000.00. He states he is unable to access the assets and is unable to bank. Plaintiff does not, however, provide any details or documentation concerning these alleged limitations. Nor does he indicate how being unable to open a bank account prevents him from paying the filing fee for this case. Plaintiff's vague and conclusory allegations concerning access to funds and income is insufficient to support his IFP application.

Section 1915 is designed to protect those litigants who suffer from true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner. As such, Plaintiff has not shown that paying the filing fee would create an undue financial hardship. For these reasons, the undersigned finds that a waiver of the filing fee would be inappropriate in this instance.

2

### III.      CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's IFP Application (ECF No. 3-1) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in a waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of March 2026.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE